IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| DOMINIQUE WASHINGTON, | ) |
|  | ) Case No. |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| U.S. BANCORP INVESTMENTS, INC., | ) |
|  | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

COMES NOW, Plaintiff Dominique Washington, and in support of her Complaint, states, alleges, and avers as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is a Kansas resident, residing in Overland Park, Johnson County, Kansas.

2. Defendant U.S. Bancorp Investments, Inc., (hereinafter, "U.S. Bank") does business at 12800 Foster Street, Overland Park, Johnson County, Kansas, and may be duly served at the same address.

3. Plaintiff was an employee of the Defendant, from May 23, 2016, until her termination on July 20, 2018.

4. On or around October 6, 2017, Plaintiff filed an EEOC Charge against Defendant alleging race and sex discrimination, and retaliation. That charge was numbered 536-2018-00038.

5. On or around July 13, 2018, Plaintiff was involved in an automobile accident.

6. During the accident, Plaintiff sustained injuries for which she sought medical attention.

7. On or about July 17, 2018, Plaintiff obtained short term disability.

8. On or about July 19, 2018, Plaintiff requested a reasonable accommodation.

9. On or about July 20, 2018, Plaintiff was discharged.

10. After her termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC"). The corresponding charge number is 563-2018-02557. The complaint alleged discrimination on the bases of Disability, Sex, Race, and retaliation. On September 5, 2018, Plaintiff was issued a Right to Sue Letter. The charge and the right to sue letter are attached hereto, as "Exhibit A". The charges asserted therein are incorporated by reference as if more fully set forth herein.

11. Defendant at all times pertinent hereto, is and has been an "employer" within the meaning of Title VII of the Civil Rights Act.

12. At all times relevant hereto, Defendant has employed more than 15 employees.

13. The Court, pursuant to Title VII of the Civil Rights Act, has original subject matter jurisdiction over all of the Plaintiff's EEOC claims.

14. The events giving rise to this matter having occurred in Johnson County, Kansas, the Kansas City Division is the proper venue.

15. Plaintiff has exhausted all administrative remedies.

## COUNT I. DISABILITY DISCRIMINATION

16. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

17. Defendant was an employer for purposes of the ADAAA.

18. Plaintiff was an employee of the Defendant for purposes of the ADAAA.

19. Plaintiff was disabled for purposes of the ADAAA.

20. Plaintiff had a record of being disabled for purposes of the ADAAA.

21. Defendant regarded Plaintiff as being disabled for purposes of the ADAAA.

22. Plaintiff was subject to adverse action on the basis of her disability, including, but not limited to, termination of her employment.

23. Defendant subjected Plaintiff to adverse action because she was disabled, had a record of being disabled, or because it regarded her as being disabled.

24. The adverse employment actions alleged above directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

25. The person or persons who terminated Plaintiff's employment with Defendant were agents of the Defendant who were acting in the course and scope of their agency with Defendant or who acted with express authority from Defendant.

26. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest;  for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of 42 U.S.C. 12101 et seq.; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT II:   DISABILITY RETALIATION

27. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

28. Plaintiff engaged in protected activity by, inter alia, filing a charge of discrimination, and also by obtaining short term disability and requesting accommodations.

29. Defendant retaliated against Plaintiff by, subjecting her to adverse action including, but not limited to, termination of her employment.

30. These materially adverse acts directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment and frustration.

31. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of 42 U.S.C. 12101 et seq.; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT III. SEX DISCRIMINATION

32. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

33. Defendant was an employer for purposes of Title VII of the Civil Rights Act.

34. Plaintiff was an employee of the Defendant for purposes of the Title VII of the Civil Rights Act.

35. Plaintiff is female.

36. Plaintiff was subject to adverse action on the basis of her gender, including, but not

4

limited to, termination of her employment.

37.	The adverse employment actions alleged above directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

38.	The person or persons who terminated Plaintiff's employment with Defendant were agents of the Defendant who were acting in the course and scope of their agency with Defendant or who acted with express authority from Defendant.

39.	Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT IV:   SEX RETALIATION

40.	The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

41.	Plaintiff engaged in protected activity by, inter alia, filing a charge of sex discrimination.

42.	Defendant retaliated against Plaintiff by subjecting her to adverse action including, but not limited to, termination of her employment.

43. These materially adverse acts directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment and frustration.

44. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT V. RACE DISCRIMINATION

45. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

46. Defendant was an employer for purposes of Title VII of the Civil Rights Act.

47. Plaintiff was an employee of the Defendant for purposes of the Title VII of the Civil Rights Act.

48. Plaintiff is black.

49. Plaintiff was subject to adverse action on the basis of her race, including, but not limited to, termination of her employment.

50. The adverse employment actions alleged above directly and proximately caused Plaintiff

to suffer damages including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

51. The person or persons who terminated Plaintiff's employment with Defendant were agents of the Defendant who were acting in the course and scope of their agency with Defendant or who acted with express authority from Defendant.

52. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT VI:   RACE RETALIATION

53. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

54. Plaintiff engaged in protected activity by, inter alia, filing a charge of race discrimination.

55. Defendant retaliated against Plaintiff by subjecting her to adverse action including, but not limited to, termination of her employment.

56. These materially adverse acts directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment and frustration.

57. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count VI of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all applicable issues, counts, and claims asserted in this Cause of Action.

## DESIGNATION OF TRIAL

Plaintiff hereby demands a trial in Kansas City, Kansas.

Respectfully Submitted,

THE LAW OFFICE OF PHILLIP M. MURPHY II

_____/s/  Phillip M. Murphy II_____
PHILLIP M. MURPHY II            #23770
4717 Grand Ave., Ste. 250

Kansas City, MO 64112
Phone: (913) 661-2900
Fax:     (913) 314-5841
E-mail: phillip@phillilpmurphylaw.com
**ATTORNEYS FOR PLAINTIFFS**